# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**WILLIAM J. BLOCK,**

    **Plaintiff,**      **CIVIL ACTION NO. 07-15323**

vs.

    **DISTRICT JUDGE DAVID M. LAWSON**

**SEARS ROEBUCK AND COMPANY,**    **MAGISTRATE JUDGE MONA K. MAJZOUB**
**and KMART CORPORATION,**

    **Defendants.**
_____/

## ORDER DENYING PLAINTIFF'S MOTION TO AMEND COMPLAINT (DOCKET NO. 26)

This matter comes before the Court on Plaintiff's Motion to Amend Complaint filed on October 21, 2008. (Docket no. 26). Defendants filed a Brief In Response To Plaintiff's Motion To Amend Complaint on November 5, 2008. (Docket no. 30). This motion was referred to the undersigned for decision. (Docket no. 27). The Court dispenses with oral argument on this motion. E.D. Mich. LR 7.1(e). (Docket no. 28). This motion is now ready for ruling.

Rule 15(a) provides that a party may amend its pleading once as a matter of course prior to service of a responsive pleading or within twenty days of serving its pleading if no responsive pleading is required. "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The decision whether to permit amendment is committed to the discretion of the trial court. *Lucas v. Schneider Nat'l Carriers, Inc.*, 953 F.2d 644 (6th Cir. 1992)

(unpublished). Defendants filed an Answer in this action. (Docket no. 5). Therefore, either consent or leave of court is required before Plaintiff may amend his Complaint.

Plaintiff filed his original complaint on December 13, 2007. (Docket no. 1). Plaintiff's complaint contains a retaliation claim under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.* and age discrimination and retaliation claims under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.* (Docket nos. 1, 26). Plaintiff now seeks to amend his complaint to add claims of age discrimination and retaliation under the Michigan Elliott-Larsen Civil Rights Act ("ELCRA"), M.C.L. § 37.2101 *et seq.* Plaintiff argues that while the ADEA "does not permit a separate recovery of compensatory damages for pain and suffering or emotional distress," the ELCRA allows emotional distress damages for outrage, embarrassment and humiliation. *See generally Comm'r of Internal Revenue v. Schleier*, 515 U.S. 323, 326 (1995); *Department of Civil Rights ex rel. Johnson v. Silver Dollar Café*, 499 N.W.2d 409, 410 (Mich. App. 1993). Plaintiff also seeks to delete the request for relief for non-economic damages from his ADEA claims and add a request for liquidated damages under the ADEA, which are allowed for willful violations of the Act. *See Comm'r of Internal Revenue*, 515 U.S. at 326; 29 U.S.C. § 626(b).

"Several elements may be considered in determining whether to permit an amendment. Undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment are all factors which may affect the decision." *See Hageman v. Signal L.P. Gas, Inc.*, 486 F.2d 479, 484 (6th Cir. 1973). "Delay by itself is not a sufficient reason to deny a motion to amend." *See id.* "Although Rule 15(a) indicates that leave to amend shall be freely

granted, a party must act with due diligence if it intends to take advantage of the Rule's liberality."
*See United States v. Midwest Suspension and Brake*, 49 F.3d 1197, 1202 (6th Cir. 1995).

A.      Undue Delay

Plaintiff gives no explanation for his delay in moving to amend his complaint. He cites no new facts necessitating the new claims and in fact, Plaintiff argues that the proofs under the ELCRA and ADEA are essentially identical. (Docket no. 26). *See Stockman v. Oakcrest Dental Ctr., P.C.*, 480 F.3d 791, 800 (6th Cir. 2007) ("The standards of proof under ADEA and ELCRA are materially identical, and so for simplicity's sake, we proceed under federal precedents for discrimination claims."). Plaintiff argues that there is no undue delay in amending because no additional discovery should be required, Defendants will not need to alter their defense strategy and there is no need to amend the scheduling order in this case.

Discovery closed on September 17, 2008. (Docket no. 9). The dispositive motion deadline was October 14, 2008 and Defendants timely filed their Motion for Summary Judgment based on the original complaint. (Docket no. 19, 20). Plaintiff filed his Motion to Amend Complaint on October 21, 2008 and filed his Response to Defendants' Motion for Summary Judgment on November 12, 2008. (Docket nos. 26, 31). Defendants filed their Reply on November 19, 2008. (Docket no. 33). The Court is scheduled to hear Defendants' Motion for Summary Judgment on December 9, 2008. (Docket no. 25). The final pre-trial conference is set for January 6, 2009 and the trial is set for January 20, 2009. (Docket no. 9). Amending the complaint will require amending the scheduling order[1]. Defendants would have ten days to file an answer. Fed. R. Civ. P. 15(a)(3).

---

[1]Under Rule 16(b)(4), Fed. R. Civ. P., the Court may amend a scheduling order only for good cause. Plaintiff has provided no reason or explanation for his failure amend his Complaint before now. Plaintiff has failed to show good cause to amend the scheduling order.

The dispositive motion deadline would need to be extended and the briefing deadlines alone would demand that the Court reschedule the final pre-trial conference and the trial.  The Court finds that Plaintiff had notice of the ELCRA claim at the time he filed the original motion.  Plaintiff has provided no explanation for his undue delay in waiting until the eleventh hour to add claims and damages which are based on the same set of facts plead in his original complaint and Plaintiff has not acted with diligence in this matter.  *See Sosby v. Miller Brewing Co.*, 211 Fed. Appx. 382 (6th Cir. 2006).

B.   Notice and Prejudice to Defendants

Plaintiff also argues that Defendants will not be prejudiced by amending the complaint because Defendants were on notice of the new claims.  Defendants allege that they will be prejudiced by adding these claims and allegations after the close of discovery.  Plaintiff argues that paragraphs 62 and 63 of his original complaint put Defendants on notice that Plaintiff suffered non-economic damages as a result of Defendants' actions[2].  Defendants argue that they were not on notice of the emotional distress damages because those damages were not available under the ADEA and were not plead in conjunction with a theory in Plaintiff's complaint which would permit these damages.  Defendants argue that they cannot now be expected to have conducted discovery as if emotional distress damages were available under the ADEA as Plaintiff originally plead.

---

[2]Plaintiff cites paragraph nos. 62 and 63 in his original complaint (docket no. 1):
62.   Defendants' age discrimination has caused Block economic damages of large but as of yet undetermined proportions, as well as non-economic damages including but not limited to mental and emotional distress, outrage and humiliation.
63.   Accordingly, Block requests that the Court enter judgment against Defendants as follows:
  b.   Non-economic damages to compensate for the mental and emotional distress, outrage, and humiliation he has suffered, and continues to suffer as a result of Defendants' illegal actions.

Plaintiff also argues that paragraphs 59, 60, 61, 66, 67 and 68 of its original complaint allege willful violations of the ADEA, as necessary for liquidated damages[3]. Defendants argue that Plaintiff's liquidated damages claim under the ADEA requires proof of willfulness and is a separate basis for liability.

> The courts have had some difficulty in finding a definition of 'willfulness' that allows for the award of double damages where appropriate, but does not result in double damages being awarded as a matter of course whenever an employee is discharged or otherwise discriminated against because of his age. It is clear that Congress did not intend that double damages be awarded automatically whenever a violation of the ADEA occurs. *See Wheeler v. McKinley Enterprises*, 937 F.2d 1158, 1163 (6th Cir. 1991).

Plaintiff's claims do not allege willfulness with regard to the ADEA and Plaintiff has not alleged that Defendant(s) knew or showed reckless disregard for whether its conduct was prohibited under the ADEA. *Id.* at 1166. Furthermore, Plaintiff claims discrimination aimed at him as an individual, rather than a member of a class identified in a company-wide plan or policy. (Docket no. 1). *See Wheeler*, 937 F.2d at 1164. Therefore, "the employer's decision cannot be found to have been 'willful' without a finding that age was 'the' predominant factor in the decision," rather than 'a' predominate factor. *See id.* Plaintiff's claims allege only that age was "a" factor in Defendants' decisions. (Docket no. 1). After consideration of the original complaint, the Court cannot conclude that the original complaint contained allegations of willful violations of the ADEA. The

---

[3]Plaintiff cites paragraph nos. 59, 60, 61, 66, 67 and 68 in his original complaint (docket no. 1) as putting Defendants on notice of his allegations of willful conduct:
    59.    Defendant Kmart transferred Block to the Brighton store, demoted him from salary to hourly pay, and replaced him at the Ypsilanti store with the twenty-five to thirty year-old LPM.
    60.    Defendant Sears denied Block promotions to LPM in favor of twenty-five to thirty year-old candidates.
    61.    Defendants used age as a factor in all of the preceding adverse employment actions in violation of the ADEA.
    66.    Defendant Sears knew of Block's EEOC charge.
    67.    Defendant Sears subsequently denied Block promotions to LPM in favor of twenty-five to thirty year-old candidates.
    68.    Defendant Sears denied Block the promotions based on the fact he filed an EEOC charge.

amendments may require further discovery and would require further briefing of Defendants' motion for summary judgment. The Court finds that Defendants would be prejudiced by adding these new claims after the close of discovery and after Defendants have briefed their motion for summary judgment on the claims raised by the original complaint.

Defendants also argue that Plaintiff's amendment is futile because Plaintiff has offered no evidence that Defendants knew that their employment decisions violated the ADEA and Plaintiff has not shown that it has evidence of suffering any emotional harm. Because the Court has determined that Plaintiff's amendment is the product of undue delay and would result in prejudice and lack of notice to Defendants, the Court need not reach the issue of whether Plaintiff's amendment would also be futile. *See generally Roberts v. City of Flint*, 2007 U.S. Dist. LEXIS 71256 (E.D. Mich. 2007) (unpublished). The Court will deny Plaintiff's Motion To Amend Complaint. (Docket no. 26).

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Amend Complaint (docket no. 26) is **DENIED**.

### NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

Dated: December 05, 2008         s/ Mona K. Majzoub
                                 MONA K. MAJZOUB
                                 UNITED STATES MAGISTRATE JUDGE

## **PROOF OF SERVICE**

      I hereby certify that a copy of this Opinion and Order was served upon Counsel of Record on this date.

Dated: December 05, 2008               s/ Lisa C. Bartlett
                                                   Courtroom Deputy