UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM J. BLOCK,

       Plaintiff,                                    Case No. 07-15323
                                                   Honorable David M. Lawson

v

SEARS ROEBUCK AND COMPANY,
a New York corporation, and KMART
CORPORATION, a Michigan Corporation.

       Defendants.
_____/

**ORDER SUSTAINING IN PART AND OVERRULING
IN PART PLAINTIFF'S OBJECTIONS TO MAGISTRATE
JUDGE'S ORDER DENYING MOTION TO AMEND COMPLAINT**

       The matter is before the Court on the plaintiff's appeal of the magistrate judge's denial of his motion for leave to amend his complaint. The plaintiff seeks to add a state law cause of action to his complaint, as well as allegations that the defendant's violation of the Age Discrimination in Employment Act (ADEA) were willful. The magistrate judge concluded that the plaintiff unduly delayed in bringing the motion until after the close of discovery, the plaintiff did not provide any notice to the defendant of the new claims, and the defendant would suffer prejudice if amendment were permitted.

       On December 13, 2007, the plaintiff filed a complaint alleging that the defendant engaged in unlawful employment discrimination against him. Count I alleged a violation of the Family and Medical Leave Act. It also contained a paragraph alleging a willful violation of this law. Compl. ¶ 55. Count II alleged a violation of the Age Discrimination in Employment Act (ADEA). In the count, the plaintiff alleged that the defendant used age as a factor in making employment decisions regarding the plaintiff. It sought as damages "Non-economic damages to compensate for the mental

and emotional distress, outrage, and humiliation he has suffered, and continues to suffer, as a result of Defendants' illegal actions." Compl. ¶ 63. In Count III, the plaintiff alleged a violation of the ADEA because the defendant retaliated against the plaintiff for filing an EEOC charge of age discrimination. Again, the plaintiff requested non-economic damages for mental distress.

Discovery closed on September 17, 2008, and dispositive motions were required to be filed by October 1, 2008. Pursuant to a stipulation, the Court extended the deadline for filing dispositive motions to October 14, 2008. On that date, the defendant filed a motion for summary judgment, which the Court denied on December 10, 2008.

Meanwhile, on October 21, 2008, the plaintiff filed a motion for leave to amend his complaint, seeking to add two new claims. First, he seeks to add an allegation that the violations of the ADEA in Counts II and III were "willful," and therefore would add a claim for liquidated damages. He also asks to add a claim of age discrimination under the Michigan Elliott-Larsen Civil Rights Act (ELCRA). This claim will allow him to recover emotional distress damages that are not available under the legal theories in the original complaint.

Acting pursuant to an order of reference, Magistrate Judge Majzoub concluded that the plaintiff had unduly delayed his request to amend by waiting until after the close of discovery and the dispositive motion deadline. There are no new facts on which the plaintiff relies for his new claims. Instead, he seeks to add a state law claim that is substantially similar to the federal claims he already brought. The plaintiff has failed to offer reasons for this delay.

The magistrate judge also concluded that there was no notice of the plaintiff's claims to the defendant during the discovery period, and the defendant would be prejudiced. She rejected the plaintiff's argument that the defendant had notice of willfulness based on the allegations of the

complaint, because the complaint alleged only that the defendant's conduct violated the ADEA, and not that the defendant knowingly violated the ADEA. Noting that under *Wheeler v. McKinley Enterprises*, 937 F.2d 1158 (6th Cir. 1991), a finding of willfulness requires that the employee's age was *the* predominant factor in the decision, the magistrate judge found it significant that the original complaint stated that the plaintiff's age was *a* factor in the employment decisions. Therefore, the magistrate judge concluded "that Defendants would be prejudiced by adding these new claims after the close of discovery and after Defendants have briefed their motion for summary judgment on the claims raised by the original complaint." Order at 6.

The plaintiff appeals the magistrate judge's order, arguing that there was no undue delay, and even if there is, delay alone is not enough to bar amendment. The plaintiff also argues that the magistrate judge failed to identify the prejudice to the defendant that would be caused by an amendment allowing the state law claims. The plaintiff also takes issue with the magistrate judge's finding that the defendant did not have notice of willfulness and her reliance on *Wheeler v. McKinley Enterprises* for the proposition that an employer's decision is willful only if age is "the" predominant factor in the decision. This standard was rejected by the Supreme Court in *Hazen Paper Co. v. Biggins*, 507 U.S. 604 (1993).

The defendant responds insisting that the magistrate judge's order was correct.

Under the Federal Magistrates Act, magistrate judges may enter orders on non-dispositive matters. 28 U.S.C. § 636(b)(1)(A). This Court reviews an order by a magistrate judge on a non-dispositive matter to determine whether the decision is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a) (stating that upon receipt of timely objections, "[t]he district judge to whom the case is assigned shall consider such objections and shall

modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law"); *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001). A decision is "clearly erroneous" when, "although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948). Where there are two plausible views, a decision cannot be "clearly erroneous." *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985).

Motions to amend are governed by Federal Rule Civil Procedure 15(a), which states that a party may amend its pleadings at this stage of the proceedings only after obtaining leave of court. Although the Rule provides that "[t]he court should freely give leave when justice so requires," leave may be denied on the basis of undue delay, bad faith by the moving party, repeated failure to cure defects by previously-allowed amendments, futility of the proposed new claim, or undue prejudice to the opposite party. *Forman v. Davis*, 371 U.S. 178, 182 (1962); *Duggins v. Steak 'N Shake, Inc.*, 195 F.3d 828, 834 (6th Cir. 1999); *Fisher v. Roberts*, 125 F.3d 974, 977 (6th Cir. 1997). "Notice and substantial prejudice to the opposing party are critical factors in determining whether an amendment should be granted." *Wade v. Knoxville Util. Bd.*, 259 F.3d 452, 458-59 (6th Cir. 2001). The Rule does not establish a deadline within which a party must file a motion to amend. *See Lloyd v. United Liquors Corp.*, 203 F.2d 789, 793 (6th Cir. 1953) (reviewing a district court's denial of a motion to amend after the entry of summary judgment).

Delay alone does not justify denial of a motion brought pursuant to Rule 15(a). *Sec. Ins. Co. of Hartford v. Kevin Tucker & Assocs., Inc.*, 64 F.3d 1001, 1009 (6th Cir. 1995). However, the party seeking to amend should "act with due diligence if it wants to take advantage of the Rule's

liberality." *Parry v. Mohawk Motors of Michigan, Inc.*, 236 F.3d 299, 306 (6th Cir. 2000). Thus, where "amendment is sought at a late stage in the litigation, there is an increased burden to show justification for failing to move earlier." *Wade*, 259 F.3d at 459. Failure to plead an available claim in a timely manner deprives an opposing party of "notice that it would have to defend" against the new claim. *Ibid*. Courts are especially inclined to deny a motion brought under Rule 15 "if the moving party knew the facts on which the claim or defense sought to be added were based at the time the original pleading was filed and there is no excuse for his failure to plead them." 6 Charles Alan Wright et al., Federal Practice and Procedure § 1487 (2d ed. 1990); *see Wade*, 259 F.3d at 459 (finding undue delay where the plaintiff knew the facts forming the basis of the amended claims but failed to plead the claims in the original complaint).

An amendment to a complaint prejudices a party where the amendment will require the party to prepare an additional defense strategy and expend additional resources to defend against new claims. *See Troxel Mfg. Co. v. Schwinn Bicycle Co.*, 489 F.2d 968, 971 (6th Cir. 1973). The Sixth Circuit has repeatedly concluded that allowing amendment after the close of discovery prejudices the defendant:

> Because the discovery deadline had already passed and the deadline for filing dispositive motions on the issue of immunity was imminent, the defendants would have been prejudiced if a further amendment had been permitted by the district court. *See Duggins v. Steak 'N Shake, Inc.*, 195 F.3d 828, 834 (6th Cir.1999) ("At least one Sixth Circuit decision has held that allowing amendment after the close of discovery creates significant prejudice, and other Circuits agree.") (citations omitted).

*Miller v. Admin. Office of Courts*, 448 F.3d 887, 898 (6th Cir. 2006). In another case, the court of appeals concluded that the "Defendant would have been unduly prejudiced by yet another amendment to Plaintiff's complaint. First, Plaintiff sought leave to amend after all significant

discovery had been completed and after the dispositive motion cut-off date." *Inge v. Rock Fin. Corp.*, 388 F.3d 930, 938 (6th Cir. 2004). The *Inge* court cited

> *Wade v. Knoxville Util. Bd.*, 259 F.3d 452, 459 (6th Cir. 2001) (affirming denial of leave to amend sought a year-and-a-half after filing of complaint because of "significant prejudice to the defendant"; the dispositive motion deadline had passed, the defendant had filed a motion for summary judgment on all claims alleged in the original complaint, and significant discovery already had been completed); *Parry v. Mohawk Motors of Mich., Inc.*, 236 F.3d 299, 306-07 (6th Cir. 2000) (upholding denial of leave to amend complaint where amendment was sought more than a year after original complaint was filed, summary judgment had been granted to Defendants two months earlier, and plaintiff was attempting to add a new legal theory); and *Troxel*, 489 F.2d at 971 (holding that district court did not abuse its discretion in denying leave to amend because the plaintiff had proceeded upon one theory through the court of appeals where it lost and wanted to repeat the cycle again by alleging a new theory of recovery; finding that cost to defendant of having to defend against new theory was sufficient prejudice).

*Ibid.* The Sixth Circuit even has found that "amendment on the *eve* of the close of discovery would be prejudicial to defendants and unduly delay trial." *Bridgeport Music, Inc. v. Dimension Films*, 410 F.3d 792, 806 (6th Cir. 2005) (emphasis added).

There can be little doubt but that the plaintiff is guilty of delay in amending his complaint. The facts on which the proposed amendments are based were known to the plaintiff all along, but he waited until after discovery had ended to seek to amend the complaint. Of course, this delay by itself is not sufficient to deny a motion to amend. But the magistrate judge did not rely on the lateness of the request, but emphasized – correctly – that notice and prejudice are the relevant inquiries.

The plaintiff has failed to show error in the magistrate judge's denial of his motion for leave to add a claim under the Michigan Elliott-Larsen Civil Rights Act (ELCRA). The plaintiff makes much of the fact that the statutes are similar and are often analyzed together. *See Stockman v.*

*Oakcrest Dental Center, P.C.*, 480 F.3d 791, 800 (6th Cir. 2007).  But while the standards of proof are similar, the ELCRA permits emotional distress damages while the ADEA does not.

The plaintiff half-heartedly attempts to argue that he provided notice when he made a claim for emotional distress damages under the ADEA.  Although the defendant was put on notice that the plaintiff sought emotional distress damages, it reasonably concluded that it need not defend against such a claim since such damages are not permitted under the legal theories pursued by the plaintiff in his original complaint.  To defend against such a claim, the defendant would need to work up that aspect of the damages case, which would necessitate reopening discovery.  Since discovery has closed, the defendant would have no opportunity to probe for facts that might impact a claim for emotional distress damages.  Therefore, allowing the plaintiff to add such a claim at this stage would prejudice the defendant by limiting its ability to defend against a type of damages not available under the original complaint.

Moreover, even if the state law claim were included in the original complaint, the Court has discretion to decline to exercise supplemental jurisdiction over such a claim.  *See* 28 U.S.C. § 1367(c).  The federal claims that provide the basis of this Court's jurisdiction were litigated throughout this case.  Adding the state law claims would complicate this case by causing a delay in the resolution of the federal claims.  Under these circumstances, there is good reason to decline to extend jurisdiction to a new state law claim.

The Court parts company with the magistrate judge, however, in her assessment of notice and prejudice concerning the request to amend to add a willfulness allegation under the ADEA claims.  If an employer commits a willful violations of the ADEA, the employee is entitled to additional liquidated damages, which can take the form of a doubled award of back-pay. 29 U.S.C.

§ 626(b). The Court believes that the defendant had sufficient notice from the original pleadings that it would be called upon to defend against claims that its conduct was willful for two reasons. First, the plaintiff pleaded that the defendant's interference with his rights under the FMLA was willful. Second, the complaint contains allegations that the defendant retaliated against the plaintiff for exercising his rights under the ADEA. "To find willfulness, the jury [must] conclude by the preponderance of the evidence that [the employer] 'either knew or showed reckless disregard for the matter of whether its conduct was prohibited' by the ADEA. *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988). It is not enough to show that the employer knew that the ADEA was 'in the picture' or that the employer 'acted without a reasonable basis for believing that it was complying with the statute.' *Id.* at 132-34 (rejecting these two standards)." *Skalka v. Fernald Environmental Restoration Management Corp.*, 178 F.3d 414, 423 (6th Cir. 1999). However, "retaliation automatically includes willfulness." *Lilley v. BTM Corp.*, 958 F.2d 746, 754 (6th Cir. 1992) (holding that separate jury instruction on willfulness was not needed under the facts of the case).

Here, in his original complaint, the plaintiff alleged that the defendants "used age as a factor in all of the preceding adverse employment actions in violation of the ADEA." Compl. ¶ 61. He also alleges that "Defendant Sears denied Block the promotions based on the fact he filed an EEOC charge." *Id.* at ¶ 68. Although these allegations do not state specifically that the defendant's actions were a willful violation of the ADEA, because the Sixth Circuit has indicated that retaliation suggests a willful violation, the defendant was placed on notice that willfulness was part of the alleged ADEA violations.

Since the defendant had notice of this aspect of the ADEA claim, its allegation of prejudice is not well taken. In the absence of prejudice and lack of notice, delay alone, as noted earlier, will

not support the denial of a request to amend a complaint. Therefore, the Court concludes that the magistrate judge clearly erred when she denied the plaintiff's request to amend to add the clarifying allegations of willfulness with respect to the ADEA claims.

Accordingly, it is **ORDERED** that the plaintiff's objections to the magistrate judge's order denying his motion to amend the complaint [dkt #41] are **SUSTAINED IN PART AND OVERRULED IN PART**.

It is further **ORDERED** that the plaintiff's motion to amend the complaint [dkt. #26] is **GRANTED IN PART AND DENIED IN PART**. The plaintiff may file an amended complaint **on or before January 9, 2009** to add allegations of willful conduct in connection with the claims under the Age Discrimination in Employment Act.

                                                    s/David M. Lawson
                                                    DAVID M. LAWSON
                                                    United States District Judge

Dated: January 6, 2009

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on January 6, 2009.

                                    s/Felicia M. Moses
                                    FELICIA M. MOSES